Dear Mr. Hawkland:
This office is in receipt of your request for an Attorney General Opinion dated May 8, 1996. Your request poses the following query:
 May a Louisiana nonprofit corporation created for a public purpose transfer assets to another Louisiana nonprofit corporation with the same public purpose?
Specifically, you inquire with respect to the Old State Capitol Foundation, Inc.
("OSCF") a Louisiana nonprofit corporation incorporated for the purpose of the promotion, beautification, development and improvement of the Louisiana Old State Capitol. The other corporation at issue is the Old State Capitol Cooperative Endeavors, Inc. ("OSCCE") which is also a Louisiana nonprofit incorporated for the purpose of the promotion, beautification, development and improvement of the facilities of the Old State Capitol. OSCCE has received funds from the Louisiana State Senate through a cooperative endeavor agreement in order to carry out its purpose.
Both of these corporations have the same officers and directors. The boards of directors for OSCCE and OSCF desire to combine the funds of their respective corporations by transferring the assets held by OSCCE to OSCF.
Furthermore, you advise that the boards of directors wish to follow the statutory procedure found in LSA-R.S. 12:247 or, in the alternative, the procedure found in LSA-R.S. 12:243 to accomplish their objective. It is the opinion of this writer that the use of either statutory method would be permissible though the end results would differ. Your inquiry will be addressed fully below.
LSA-R.S. 12:207A. provides with respect to the general powers of non-profit corporations:
A corporation shall have the power to perform any acts which are necessary or proper to accomplish its purposes as expressed or implied in articles, or which may be incidental thereto.
Further, pursuant to LSA-R.S. 12:207B. (4), every Louisiana corporation has the specific authority:
In any legal manner to acquire, hold, use, and alienate or encumber property of any kind, including monies and its own shares, subject to special provisions and limitations prescribed by law or the articles.
Thus, by law, a nonprofit corporation has broad power to effectuate its purposes subject only to Louisiana nonprofit corporation laws and the corporation's own Articles of Incorporation.
LSA-R.S. 12:247 provides authority for a voluntary transfer of assets. It states in pertinent part:
 A. A voluntary sale, lease, exchange or other disposition of all or substantially all of the assets of a corporation, including its good will, franchise or other rights, may be authorized by it, in the manner prescribed in this section, upon such terms and conditions as it deems expedient, including an exchange for shares or obligations of another nonprofit, business or foreign corporation.
 B. If the corporation is not insolvent, such authorization may be given only by the members, by vote of two-thirds (or such lesser proportion, not less than a majority, as the articles may provide) in interest of the voting members present. The notice of the meeting of members at which such authorization is considered shall state such consideration as a purpose of the meeting,. . .
Under this statutory provision, OSCCE may transfer all or substantially all of its assets to OSCF provided that the authorization requirements of Subsection B. are met. In this case, OSCCE would remain legally in existence though without assets with which to carry out the objects of its creation.
If, however, the boards of directors utilize the statutory procedure under LSA-R.S. 12:243, OSCCE would no longer exist as a legal entity. LSA-R.S. 12:243 provides that the board of directors of each nonprofit which desire to merge or consolidate may enter into a joint agreement signed by a majority of the directors of each corporation. The joint agreement should prescribe the terms and conditions of merger or consolidation and the mode of carrying into effect such action. The agreement must be submitted to the members of each nonprofit at an annual or special meeting. The effect of approval of the agreement is to merge or consolidate the two corporations into one legal entity. LSA-R.S. 12:246. Thus, utilizing LSA-12:243, the boards of directors would be merging or consolidating OSCCE into OSCF leaving one nonprofit corporation in existence.
It is within the discretion of the boards of directors to determine which procedure to utilize and it is ultimately up to the members of each corporation to approve the proposed action under either LSA-R.S. 12:243 or 12:247.
Several caveats to this discussion should be given. One, any action taken by the boards of directors must be consistent with the purposes of the corporations set forth in their respective Articles of Incorporation. Second, the cooperative endeavor which initially transferred the funds to OSCCE should be consulted to be sure that there are no stated restrictions which would pertain to the use of such funds and would impact the contemplated board action. Lastly, any applicable Internal Revenue Code provisions or regulations should be consulted and followed in order to ensure the nonprofit status of both entities is maintained.
I hope that this opinion has been of some assistance to you. If you require any further information, please feel free to contact this office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
By: _____________________________________
 GINA M. PULEIO Assistant Attorney General Consumer Protection Section
GMP/bl